IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**AMBER WILSON and GEOFF MINTER,**
**as Special Administrators of the Estate**
**of John Doe, a minor, and AMBER WILSON,**
**individually, and GEOFF MINTER, individually,**


**Plaintiffs,**

**v.**

**DEEP CORPORATION, INC., d/b/a**
**HOWARD JOHNSON EXPRESS INN**
**OF COLLINSVILLE, ILLINOIS and**
**HOWARD JOHNSON EXPRESS INN,**

**Defendants.**                                           **No. 05-CV-0428-DRH**

## ORDER

**HERNDON, District Judge:**

      Pending before the Court is Defendant Howard Johnson Express Inn's June 17, 2005 motion to dismiss Counts IV, V and VI (Doc. 6). Specifically, Howard Johnson argues that Counts IV, V and VI should be dismissed because the Court does not have personal jurisdiction over it because it is not a separate legal entity and it is not a proper party capable of being sued. As of this date, Plaintiffs have not responded to the motion to dismiss. Pursuant to **LOCAL RULE 7.1(c)**, the Court

considers this failure to respond an admission of the merits of the motion.[1]  Thus, the Court **GRANTS** the motion to dismiss Counts IV, V and VI (Doc. 6).  The Court **DISMISSES with prejudice** Counts IV, V and VI.

    **IT IS SO ORDERED.**

Signed this 8th day of August, 2005.

    /s/   David RHerndon
**United States District Judge**

---

[1] "An adverse party shall have **thirty (30) days** after the service (*see* FED. R. CIV. P. 6) of the movant's motion in which to serve and file an answering brief.  Failure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission the merits of the motion."  **LOCAL RULE 7.1(c).**