## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**AMBER WILSON and GEOFF MINTER,**
**as Special Administrators of the Estate**
**of John Doe, a minor, and AMBER WILSON,**
**individually, and GEOFF MINTER, individually,**

**Plaintiffs,**

**v.**

**DEEP CORPORATION, INC., d/b/a**
**HOWARD JOHNSON EXPRESS INN**
**OF COLLINSVILLE, ILLINOIS and**
**HOWARD JOHNSON EXPRESS INN,**

**Defendants.**                                         No. 05-CV-0428-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is Plaintiffs' motion to voluntarily dismiss without prejudice (Doc. 22). Defendant opposes the motion (Doc. 23). Specifically, Defendant contends that it will be prejudiced if the Court allows Plaintiffs to voluntarily dismiss this action without prejudice as it has expended time and resources defending this action and that some of the witnesses may be unavailable if Plaintiffs re-file the case at a later date.

**Under Federal Rule of Civil Procedure 41(a)(2)** "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." **FED. R. CIV. P. 41(a)(2)**.

Therefore, it is within the court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to **Rule 41(a)(2)**. ***Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980)**. In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; and (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. ***Tyco*, 627 F.2d at 56**.

Here, Defendant has incurred $2,943.68 in costs defending this case. In addition, Defendant moved for Summary Judgement as to Counts II and II on December 1, 2005 and Plaintiff confessed this Motion on January 11, 2006. Further, Plaintiff has not explained the need for dismissal. Based on the circumstances of this case, the Court finds that dismissal without prejudice is proper based on the following **CONDITIONS**: That all discovery and depositions taken in this case will be reinstated in the event a new case is filed, as if conducted in the newly filed case and that Plaintiffs shall pay Defendant's filing fee upon the re-filing of the new case.

Accordingly, the Court **GRANTS** Plaintiffs' motion to voluntarily dismiss without prejudice (Doc. 22). In the event Plaintiffs re-file this case, all discovery and depositions taken in this case will be reinstated in the newly filed case as if

conducted in the newly filed case and Plaintiffs shall pay Defendant's filing fee upon the re-filing of the new case.

**IT IS SO ORDERED.**

Signed this 6th day of February, 2006.

<u>/s/          David   RHerndon</u>
**United States District Judge**